

ORIGINAL      SEALED

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 2 5 2021

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

WILLIAM ROY STONE, Jr.

No. **3-21CR0236-E**

**FILED UNDER SEALED**

## INDICTMENT

The Grand Jury Charges:

## Introduction

At all times material to this Indictment:

1.      Defendant **William Roy Stone, Jr.,** was a retired Special Agent of the Federal Bureau of Investigation.

2.      Individual A is a person known to the Grand Jury.

3.      Company A is a company known to the Grand Jury.

4.      From in or around November 2015 to in or around August 2019, **Stone,** along with Individual A, engaged in a scheme and artifice to defraud and deceive the victim, herein further identified by the initials, C.T., with false statements including: that **Stone** was still an active agent with the Federal Bureau of Investigation; that C.T. was under federal probation and, pursuant thereto, was under the supervision of **Stone** and Individual A; that C.T. was obligated to pay **Stone's** expenses associated with **Stone's** supervision of C.T.'s probation; and, that C.T. owed Company A restitution.   As a result of the fraud and coercion, C.T. also felt compelled to give **Stone** large sums of money

Indictment - Page 1

and additional property to facilitate **Stone's** purchase of various items including a house and motor vehicles.

5.      In furtherance of the scheme, **Stone** convinced C.T. that if she did not comply with **Stone's** directives regarding the alleged federal probation, including paying **Stone's** expenses, providing **Stone** with large sums of money and property, and paying the fictitious restitution that **Stone** represented was owed by C.T. to Company A, that C.T. would go to prison and that her children would be taken away from her.

6.      Accordingly, as a result of **Stone's** deception and coercion, from in or around December 2015 to in or around 2019, C.T. gave **Stone** over $800,000 in money and property.

7.      At **Stone's** direction, C.T. also gave property to Individual A for his participation in the scheme.

## Count One
### Conspiracy to Commit Wire Fraud
### [Violation of 18 U.S.C. § 1349 (18 U.S.C. § 1343)]

8.      The Grand Jury realleges and incorporates by reference the allegations contained in paragraphs 1 through 7 of this Indictment, as if fully set forth herein.

9.      Starting in or about November 2015 and continuing until in or about August 2019, in the Northern District of Texas and elsewhere, defendant **William Roy Stone, Jr.** and Individual A did knowingly and willfully combine, conspire, confederate, and agree with each other to commit the offense of wire fraud, in violation of 18 U.S.C. § 1343.

Objects of the Conspiracy

10.     The object of the conspiracy was to unlawfully coerce and defraud C.T. of money and other property in return for **Stone's** and Individual A's purported involvement in C.T.'s fictitious federal probation.

11.     It was further the object of the conspiracy to unlawfully defraud C.T. of money and property by falsely claiming that C.T. owed restitution to Company A.

Manner and Means of the Conspiracy

12.     In furtherance of the conspiracy and joint scheme and artifice to defraud:

a.     **Stone** told C.T. that she was under "secret probation" in "Judge Anderson's court in Austin, Texas," and that the judge had allowed **Stone** and Individual A to "mentor" and "supervise" C.T.'s probation.

b.     **Stone** told C.T. that there were many terms and conditions of the alleged probation, including the following: that C.T. had to report to **Stone** and Individual A on her activities and conduct while on probation; that C.T. could not travel outside of the State of Texas without the judge's approval; that C.T. had to provide a list to **Stone** of all the property and assets she had recently inherited from her grandmother, and that C.T. had to transfer some of the inherited assets out of a trust and put those assets into her name; that C.T. was only allowed to use social media to promote her business; and, that C.T. could not disclose to anyone that she was on federal probation.

c.     **Stone** repeatedly threatened C.T. with incarceration and losing her children if she did not follow the alleged terms and conditions of probation.

**Indictment - Page 3**

d.      **Stone** told C.T. that he needed to travel to Austin, Texas on many occasions to meet with Judge Anderson and discuss C.T.'s probation and that she had to pay **Stone's** expenses associated with those trips.

e.      **Stone** further coerced C.T. into supporting **Stone's** lifestyle, including giving **Stone** large sums of money to purchase and remodel a house, to purchase motor vehicles for **Stone**, and to pay restitution to Company A that **Stone** said C.T. owed even though **Stone** deposited those funds into a bank account under his control and subsequently used those funds to purchase a house.

f.      **Stone** further convinced C.T. that she should also compensate Individual A for his efforts in supervising her probation.

g.      **Stone** engaged in several tactics to convince C.T. that the probation was real, and to maintain control over her life, including the following:

  i.  convincing C.T. that her family wanted to take her inheritance away from her and that she should distance herself from them;

  ii. convincing C.T. that he (**Stone**) had the ability to monitor her cell phone communications,

  iii. placing "spoof" calls between himself and C.T. and the fictitious Judge Anderson to question C.T. about her conduct while on probation;

  iv. enlisting the aid of an individual, who is known to the Grand Jury, to leave messages on **Stone's** phone purporting to be from

**Indictment - Page  4**

the United States Drug Enforcement Administration "Intelligence Center" inquiring about C.T.;

v.   claiming to discuss C.T.'s probation with a psychiatrist and telling C.T. about those discussions; and,

vi.   proposing to marry C.T. and then claiming he would seek a discharge of C.T.'s probation from Judge Anderson.

h.      **Stone** deposited the monies he received from C.T. into his bank account or caused C.T. to pay third parties on his behalf, which caused financial institutions, including J.P. Morgan Chase and Wells Fargo, to engage in interstate wire transmissions from the State of Texas to out-of-state servers, as further described in counts two through eight.

All in violation of 18 U.S.C. § 1349 (18 U.S.C. § 1343).

## Counts Two through Eight
### Wire Fraud
### [Violation of 18 U.S.C. § 1343]

13.    The Grand Jury realleges and incorporates by reference the allegations

contained in paragraphs one through twelve of this Indictment, as if fully set forth herein.

14.    From in or about November 2015 and continuing until in or about August

2019, in the Northern District of Texas, the defendant, **William Roy Stone, Jr.**, having

knowingly and intentionally devised and intended to devise a scheme and artifice to

defraud the victim, C.T., and to obtain money by means of false and fraudulent pretenses,

representations, and promises, as described in paragraphs one through twelve of this

Indictment, transmitted or caused to be transmitted by means of wire communication in

interstate commerce writings, signs, signals, pictures and sounds for the purpose of

executing the scheme or artifice, to wit: financial transactions between financial

institutions in Texas and out-of-state financial institution servers, on or about the dates

described below, each such transmission constituting a separate count:

| Count | Date | Financial Institution | Transaction | Amount |
|-------|------|----------------------|-------------|--------|
| 2 | 6/3/2016 | J.P. Morgan Chase | Withdrawal for cash | $9,000.00 |
| 3 | 6/17/2016 | J.P. Morgan Chase | Cashier's Check to Park Place Mercedes | $76,816.90 |
| 4 | 6/21/2016 | J.P. Morgan Chase | Cashier's check to Park Place Mercedes | $18,500.00 |
| 5 | 6/24/2016 | J.P. Morgan Chase | Withdrawal for cash | $5,000.00 |
| 6 | 9/1/2016 | J.P. Morgan Chase | Cashier's check payable to Texas Toyota of Grapevine | $24,003.47 |

Indictment - Page 6

| 7 | 9/13/2016 | J.P. Morgan Chase | Withdrawal by cashier's check payable to Stone | $154,500.00 |
| 8 | 10/18/2016 | J.P. Morgan Chase | Withdrawal by check payable to Bath Kitchen Design center | $25,000.00 |

Each in violation of 18 U.S.C. § 1343.

**Indictment - Page 7**

## Count Nine
## Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity
## [Violation of 18 U.S.C. § 1957(a)]

15.     The Grand Jury realleges and incorporates by reference the allegations contained in paragraphs one through fourteen of this Indictment, as if fully set forth herein.

16.     On or about September 23, 2016, in the Northern District of Texas, and elsewhere, the defendant, **William Roy Stone, Jr.**, knowing that the funds involved represented the proceeds of some form of unlawful activity, engaged in and attempted to engage in a monetary transaction, in and affecting interstate commerce, in criminally derived property of a value greater than $10,000, which property, in fact, was derived from specified unlawful activity, namely, wire fraud, in violation of 18 U.S.C. § 1343, that is, **Stone** purchased a house by cashier's check, by and through a financial institution, to-wit, Wells Fargo, which was engaged in or the activities of which affected interstate commerce.

All in violation of 18 U.S.C. § 1957(a).

## Count Ten
### False Impersonation of a Federal Officer or Employee
### [Violation of 18 U.S.C. § 912]

17.    The Grand Jury realleges and incorporates by reference the allegations

contained in paragraphs one through sixteen of this Indictment, as if fully set forth herein.

18.    From in or around November 2015 through in or around 2019, in the

Northern District of Texas, the defendant, **William Roy Stone, Jr.**, falsely assumed and

pretended to be an officer and employee acting under the authority of the United States or

any department, agency or office thereof, that is, a Special Agent of the Federal Bureau

of Investigation, and acted as such, and in such assumed and pretended character,

knowingly with intent to defraud, demanded and obtained money and other things of

value totaling approximately $800,000 from the victim, C.T.

In violation of 18 U.S.C. § 912.

Indictment - Page 9

## Count Eleven
## False Statements to Law Enforcement
### [Violation of 18 U.S.C. § 1001]

19.     The Grand Jury realleges and incorporates by reference the allegations

contained in paragraphs one through eighteen of this Indictment, as if fully set forth

herein.

20.     On or about July 26, 2019, in the Northern District of Texas, the defendant,

**William Roy Stone, Jr.**, knowingly and willfully falsified, concealed, or covered up by

any trick, scheme, or device a material fact, and made materially false, fictitious, and

fraudulent statements and representations in a matter within the jurisdiction of the

executive branch of the Government of the United States; that is, a fraud investigation

into **Stone's** conduct with the victim, C.T., during an interview with a Special Agent of

the Federal Bureau of Investigation, including the following: by misrepresenting the

amount of money and circumstances under which he received money and property from

C.T.; by denying that he had threatened C.T. with incarceration; by failing to disclose that

he had falsely told C.T. that she was subject to federal probation and that he was her

probation mentor and supervisor; and, by failing to disclose that he fraudulently told C.T.

that she owed Company A restitution in the amount of $250,000, an amount that **Stone**

convinced C.T. to pay to him which he subsequently used to purchase a house.   The

omissions and statements and representations were materially false, fictitious, and

fraudulent because, as **Stone** then and there knew, the amount of money and property that

he had fraudulently received from C.T. was in excess of $800,000, that he had coerced

Indictment - Page 10

C.T. into believing that she was serving a term of federal probation in which he alleged that he was her mentor and supervisor, that he had threatened C.T. with incarceration if she failed to abide by **Stone's** conditions of probation, and that **Stone** used the alleged restitution money to purchase a house for himself.

All in violation of 18 U.S.C. § 1001(a)(1) and (2).

**Forfeiture Notice**
**[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1)]**

21.     Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon

conviction for any of the offenses listed in Counts One through Eight, and the defendant,

**William Roy Stone, Jr.,** shall forfeit to the United States, any property, real or personal,

which constitutes or is derived from proceeds traceable to the respective offense,

including, but not limited to, the following:

  a.  The real property situated at 6812 Kennedy Drive, Colleyville, Texas, more
      specifically described as Lot 25, Block 12, Ross Downs Estates IV, an addition
      to the City of Colleyville, Tarrant County, Texas.
  b.  2017 Toyota Tacoma, Texas license plate KCG4826, VIN
      5TFEZ5CNXHX041853.
  c.  2016 Mercedes CLS, Texas license plate HMP0591, VIN
      WDDLJ7GB3GA174438.

22.     Pursuant to 18 U.S.C. § 982(a)(1), upon conviction for any of the offense

listed in Count Nine, the defendant, **William Roy Stone, Jr.,** shall forfeit to the United

States any property, real or personal, involved in, or traceable to property involved in, the

offense, including, but not limited to, the following:

  a.  The real property situated at 6812 Kennedy Drive, Colleyville, Texas, more
      specifically described as Lot 25, Block 12, Ross Downs Estates IV, an addition
      to the City of Colleyville, Tarrant County, Texas.

23.     Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if

any of the property described above, as a result of any act or omission of the defendant

(i) cannot be located upon the exercise of due diligence; (ii) has been transferred or sold

to, or deposited with, a third party; (iii) has been placed beyond the jurisdiction of the

court; (iv) has been substantially diminished in value; or (v) has been commingled with other property which cannot be divided without difficulty, the United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL

_____
FOREPERSON

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

_____
MARCUS BUSCH
Assistant United States Attorney
Texas Bar No. 03493300
KATHERINE MILLER
Assistant United States Attorney
Texas Bar No. 00789107
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214-659-8642
Email: marcus.busch@usdoj.gov

**Indictment - Page 13**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

WILLIAM ROY STONE, JR.

SEALED INDICTMENT

18 U.S.C. § 1349 (18 U.S.C. § 1343)
Conspiracy to Commit Wire Fraud
(Count 1)

18 U.S.C. § 1343
Wire Fraud
(Counts 2-8)

18 U.S.C. § 1957(a)
Engaging in Monetary Transactions in Property Derived from Specified Unlawful
Activity
(Count 9)

18 U.S.C. § 912
False Impersonation of a Federal Officer or Employee
(Count 10)

18 U.S.C. § 1001
False Statements to Law Enforcement
(Count 11)

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1)
Forfeiture Notice

11 Counts

A true bill rendered

DALLAS _____ _____ FOREPERSON

Filed in open court this _25_ day of May, 2021.

**Warrant to be Issued**

_____
UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending