IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

NO. 3:21-CR-00236-E

WILLIAM ROY STONE, JR.

**GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER
FOR LIMITED DISCLOSURE OF DISCOVERY MATERIALS**

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government

files this Unopposed Motion for a Protective Order for Limited Disclosure of Discovery

Materials in the above-referenced case to protect personal identifying information and

other confidential information, maintain the integrity of the judicial process, and,

promote the timely resolution of this case.

Specifically, the government proposes that any discovery materials (or any copies

thereof) provided by the government to the defense, except as noted below, be subject to the

following conditions:

    a. The discovery materials will not be copied, except to the extent

       needed as trial exhibits or as counsel's working copies.

    b. The discovery materials will not be shared outside of the defendant's

       counsel's office, defense expert's office, or correctional facility

       library with any person not employed by, or an agent of, defendant's

counsel.  Persons employed by, or agent of, defendant's counsel

shall include co-counsel and consulting counsel.

c.  The discovery materials will not be provided to the defendant,

except that defendant's counsel, or agent of defendant's counsel,

may show them to the defendant as described in (b).

d.  The discovery materials will not be provided to a witness, except

that defendant's counsel, or agent of defendant's counsel, may show

them to a witness as described in (b).

e.  The defendant, defendant's counsel, or any agent thereof, is

prohibited from disseminating any of these materials or disclosing

any information contained therein to anyone besides this Court, the

parties to this case, or a witness.

The prohibitions described in the preceding paragraph would NOT apply to

the following categories of evidence:

a.   Any bank records, telephone records, credit agency records, or

credit card records for accounts belonging to the defendant.

b.  Any report of interview (e.g., FBI "302" report) with the defendant.

c.  Any publicly available documents, including any unsealed state or

federal court pleadings.

d.  Any third party report, including any government report, whose

subject is the defendant.

**Gov't Unopposed Mot. for Protective Order—Page 2**

e. Any emails to which the defendant was a party or that do not contain

personal identifying information.

The government also asks that any attorney of record who is retained or appointed

to represent the defendant and who is later relieved of representation of the defendant is

bound by the terms of the proposed order unless excused from its terms by court order.

The defendant does not oppose this motion.

## I.      Background

The government alleges that from in or around November 2015 to in or around

August 2019, Stone, along with Individual A, engaged in a scheme and artifice to defraud

and deceive the victim, identified herein with the initials C.T., with false statements

including: that Stone was still an active agent with the Federal Bureau of Investigation;

that C.T. was under federal probation and, pursuant thereto, was under the supervision of

Stone and Individual A; that C.T. was obligated to pay Stone's expenses associated with

Stone's  supervision of C.T.'s probation; and, that C.T. owed Company A restitution.  As

a result of the fraud and coercion, C.T. felt compelled to give Stone and Individual A

large sums of money and property.

Discovery in this case consists primarily of the defendant's, Individual A's, and

the victim's financial records, the defendant's tax records, electronic communications

and other data of the defendant, Individual A, the victim, and other witnesses, and

recorded communications.  These documents and recordings contain, among other

things, personal identifying information and other confidential matters of the defendant, victim, Individual A, and third parties.

## II.    Application and Need for Protective Order

The government intends to go beyond its discovery obligations and make most, if not all, of the discovery available in unredacted form through an electronic file exchange, if it can be assured that the confidential and personal identifying information in this case will be adequately protected.  The exchange will enable the defendant's attorneys to access the discovery through hard drives or online and allow them to make hard copies of the discovery if they so choose.  The proposed order also creates exceptions for certain documents, such as bank and other records for the defendant's accounts.  Thus, to safely and timely facilitate the discovery in this case, the government seeks its proposed protective order.

This Court possesses the express authority to enter protective orders to handle all matters of a private or sensitive nature.  Specifically, Federal Rule of Criminal Procedure 16(d)(1) permits courts to enter protective orders that deny, restrict, or defer discovery or inspection, or grant other appropriate relief for good cause.  Further, there is precedent that supports such restrictions on a defendant.  *See In re Kansas City Star,* 666 F.2d 1168, 1176 (8th Cir. 1981) (characterizing district court's order barring defendant and his attorneys from disclosing discovery materials as "highly appropriate" considering third-party privacy interests).

**Gov't Unopposed Mot. for Protective Order—Page 4**

Good cause for the proposed protective order exists here.  Given the confidential nature of the information that the government seeks to protect, the government's proposed protective order is the most effective and fair method available to prevent such matters from public disclosure while enabling timely and unredacted discovery in this case.  Without the protective order requested, the government cannot provide electronic discovery as contemplated.  Instead, some or all discovery will have to be limited to review at the United States Attorney's Office, or the government will have to disclose the documents containing PII only after using substantial time and resources to redact the PII, which would be overly burdensome to the government, if possible at all in the electronic files, and potentially–without knowing what any defendant's defense might be—result in discovery that is less valuable to the defense.  However, granting this protective order would enable the government to produce many of the records unredacted and facilitate the timely resolution of this case.

Recognizing the value and reasonableness of the government's proposed protective order, defendants do not oppose it.

### III.    Conclusion

The government's proposed protective order properly protects the privacy interests involved in this case while preserving the defendants' interests in full discovery and timely resolution of this case.  The compelling interests of protecting PII and confidential information in timely resolving the case constitutes more than

adequate good cause to enter the requested protective order.  Accordingly, the

government requests that this motion be granted as to the defendant and his attorneys,

and that this Court enter a protective order limiting the disclosure of discovery

materials that is consistent with the requests contained in this motion.

Dated this 18th day of June 2021.

<div style="margin-left: 40%;">

Respectfully submitted,

PRERAK SHAH
ACTING UNITED STATES ATTORNEY


/s/ *Marcus Busch*
Marcus Busch
Assistant United States Attorney
Texas State Bar No. 03493300
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Telephone: 214-659-8642
Email: marcus.busch@usdoj.gov

</div>

## CERTIFICATE OF CONFERENCE

I, Marcus Busch, hereby certify that I conferred with the attorney representing

the defendant in this case and he has indicated that he is unopposed to the relief

requested herein.

<div style="margin-left: 40%;">

/s/ *Marcus Busch*
Marcus Busch
Assistant United States Attorney

</div>

**Gov't Unopposed Mot. for Protective Order—Page 6**

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2021, a true and correct copy of the foregoing

was filed electronically through ECF.

<div align="right">

/s/ Marcus Busch
Marcus Busch
Assistant United States Attorney

</div>