ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2021 DEC 21  PM 4: 32
DEPUTY CLERK____MS____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:21-CR-00236-E |
| WILLIAM ROY STONE, Jr., (1) <br> JOSEPH EVENTINO DELEON (2) | (Supersedes Indictment filed on May 25, 2021) |

## SUPERSEDING INDICTMENT

The Grand Jury Charges:

### Introduction

At all times material to this Superseding Indictment:

1. Defendant **William Roy Stone, Jr.,** was a retired Special Agent of the Federal Bureau of Investigation.

2. Defendant **Joseph Eventino DeLeon** is a resident of Ft. Worth, Texas.

3. From in or around November 2015 to in or around August 2019, **Stone** and **DeLeon** engaged in a scheme and artifice to defraud and deceive the victim, herein further identified by the initials, C.T., with false statements including: that **Stone** was still an active agent with the Federal Bureau of Investigation; that C.T. was under federal probation and, pursuant thereto, was under the supervision of **Stone** and **DeLeon**; that C.T. was obligated to pay **Stone's** expenses associated with **Stone's** supervision of C.T.'s probation; and, that C.T. owed restitution to one or more companies.  As a result of the fraud, C.T. also felt compelled to give **Stone** large sums of money and additional

Superseding Indictment - Page 1

property to facilitate **Stone's** purchase of various items including a house and motor vehicles, and to give **DeLeon** money and property.

4. In furtherance of the scheme, **Stone** convinced C.T. that if she did not comply with **Stone's** directives regarding the alleged federal probation, including paying **Stone's** expenses, providing **Stone** with large sums of money and property, and paying the fictitious restitution that **Stone** represented was owed by C.T. to one or more companies, that C.T. would go to prison and that her children would be taken away from her.

5. Accordingly, as a result of **Stone's** and **DeLeon's** deception, from in or around December 2015 to in or around 2019, C.T. gave **Stone** approximately $700,000 in money and property.

6. At **Stone's** direction, C.T. also gave **DeLeon** over $50,000 in money and property for his participation in the scheme.

## Count One
## Conspiracy to Commit Wire Fraud
## [Violation of 18 U.S.C. § 1349 (18 U.S.C. § 1343)]

7. The Grand Jury realleges and incorporates by reference the allegations contained in paragraphs 1 through 6 of this Superseding Indictment, as if fully set forth herein.

8. Starting in or about November 2015 and continuing until in or about August 2019, in the Northern District of Texas and elsewhere, defendants **William Roy Stone, Jr.** and **Joseph Eventino DeLeon** did knowingly and willfully combine, conspire, confederate, and agree with each other to commit the offense of wire fraud, in violation of 18 U.S.C. § 1343.

### Objects of the Conspiracy

9. The object of the conspiracy was to unlawfully defraud C.T. of money and other property in return for **Stone's** and **DeLeon's** purported involvement in C.T.'s fictitious federal probation.

10. It was further the object of the conspiracy to unlawfully defraud C.T. of money and property by falsely claiming that C.T. owed restitution to one or more companies.

### Manner and Means of the Conspiracy

11. In furtherance of the conspiracy and joint scheme and artifice to defraud:

  a. **Stone** and **DeLeon** told C.T. that she was under "secret probation" in "Judge Anderson's court in Austin, Texas," and that the judge had allowed **Stone** and **DeLeon** to mentor and supervise C.T.'s probation.

  b. **Stone** told C.T. that there were many terms and conditions of the alleged probation, including the following: that C.T. had to report to **Stone** and **DeLeon** on her activities and conduct while on probation; that C.T. could not travel outside of the State of Texas without the judge's approval; that C.T. had to provide a list to **Stone** of all the property and assets she had recently inherited from her grandmother, and that C.T. had to transfer some of the inherited assets out of a trust and put those assets into her name; that C.T. was only allowed to use social media to promote her business; and, that C.T. could not disclose to anyone that she was on federal probation.

  c. **Stone** repeatedly threatened C.T. with incarceration and losing her children if she did not follow the alleged terms and conditions of probation.

  d. **Stone** told C.T. that he needed to travel to Austin, Texas on many occasions to meet with Judge Anderson and discuss C.T.'s probation and that she had to pay **Stone's** expenses associated with those trips.

  e. **Stone** further defrauded C.T. into supporting **Stone's** lifestyle, including giving **Stone** large sums of money to purchase and remodel a house, to purchase motor vehicles for **Stone**, and to pay restitution to one or more companies that **Stone** said C.T. owed even though **Stone** deposited those funds into a bank account under his control and subsequently used those funds to purchase a house.

**Superseding Indictment - Page 4**

f. **Stone** and **Deleon** further convinced C.T. that she should also compensate **DeLeon** for his efforts in supervising her probation.

g. **Stone** and **DeLeon** engaged in several tactics to convince C.T. that the probation was real, and to maintain control over her life, including the following:

    i. convincing C.T. that her family wanted to take her inheritance away from her and that she should distance herself from them;

    ii. convincing C.T. that **Stone** had the ability to monitor her cell phone communications;

    iii. convincing C.T. that she was required to provide a daily record of her activities to **Stone** and **DeLeon**, written on notecards that C.T. photographed and sent via text to **Stone** and/or **DeLeon** at their direction;

    iv. placing "spoof" calls between **Stone** and C.T. and the fictitious Judge Anderson to question C.T. about her conduct while on probation;

    v. enlisting the aid of an individual, who is known to the Grand Jury, to prepare a message purporting to be from the United States Drug Enforcement Administration "Intelligence Center" inquiring about C.T.;

    vi. claiming to discuss C.T.'s probation with a psychiatrist and telling C.T. about those discussions; and,

      vii.  claiming that Judge Anderson indicated he would discharge C.T.'s probation if C.T. agreed to marry **Stone**.

  h.  **DeLeon** carried a handgun while providing purported protective services to C.T. in furtherance of the scheme.

  i.  **Stone** and **DeLeon** deposited the monies they received from C.T. into their bank accounts or caused C.T. to pay third parties on **Stone's** behalf, which caused financial institutions, including J.P. Morgan Chase and Wells Fargo, to engage in interstate wire transmissions from the State of Texas to out-of-state servers, as further described in Counts Two through Seven.

All in violation of 18 U.S.C. § 1349 (18 U.S.C. § 1343).

## Counts Two through Seven
### Wire Fraud
### [Violation of 18 U.S.C. § 1343]

12. The Grand Jury realleges and incorporates by reference the allegations contained in paragraphs one through eleven of this Superseding Indictment, as if fully set forth herein.

13. From in or about November 2015 and continuing until in or about August 2019, in the Northern District of Texas, the defendant, **William Roy Stone, Jr.**, having knowingly and intentionally devised and intended to devise a scheme and artifice to defraud the victim, C.T., and to obtain money by means of false and fraudulent pretenses, representations, and promises, as described in paragraphs one through eleven of this Indictment, transmitted or caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures and sounds for the purpose of executing the scheme or artifice, to wit: financial transactions between financial institutions in Texas and out-of-state financial institution servers, on or about the dates described below, each such transmission constituting a separate count:

| Count | Date | Financial Institution | Transaction | Amount |
|---|---|---|---|---|
| 2 | 6/3/2016 | J.P. Morgan Chase | Withdrawal for cash | $9,000.00 |
| 3 | 6/17/2016 | J.P. Morgan Chase | Cashier's Check to Park Place Mercedes | $76,816.90 |
| 4 | 6/24/2016 | J.P. Morgan Chase | Withdrawal for cash | $5,000.00 |
| 5 | 9/1/2016 | J.P. Morgan Chase | Cashier's check payable to Texas Toyota of Grapevine | $24,003.47 |

Superseding Indictment - Page 7

| | | | | |
|---|---|---|---|---|
| 6 | 9/13/2016 | J.P. Morgan Chase | Withdrawal by cashier's check payable to Stone | $154,500.00 |
| 7 | 10/18/2016 | J.P. Morgan Chase | Withdrawal by check payable to Bath Kitchen Design center | $25,000.00 |

Each in violation of 18 U.S.C. § 1343.

## Count Eight
### Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity
### [Violation of 18 U.S.C. § 1957(a)]

14. The Grand Jury realleges and incorporates by reference the allegations contained in paragraphs one through thirteen of this Superseding Indictment, as if fully set forth herein.

15. On or about September 23, 2016, in the Northern District of Texas, and elsewhere, the defendant, **William Roy Stone, Jr.**, knowing that the funds involved represented the proceeds of some form of unlawful activity, engaged in and attempted to engage in a monetary transaction, in and affecting interstate commerce, in criminally derived property of a value greater than $10,000, which property, in fact, was derived from specified unlawful activity, namely, wire fraud, in violation of 18 U.S.C. § 1343, that is, **Stone** purchased a house by cashier's check, by and through a financial institution, to-wit, Wells Fargo, which was engaged in or the activities of which affected interstate commerce.

All in violation of 18 U.S.C. § 1957(a).

## Count Nine
### False Impersonation of a Federal Officer or Employee
### [Violation of 18 U.S.C. § 912]

16. The Grand Jury realleges and incorporates by reference the allegations contained in paragraphs one through fifteen of this Superseding Indictment, as if fully set forth herein.

17. From in or around November 2015 through in or around 2019, in the Northern District of Texas, the defendant, **William Roy Stone, Jr.**, falsely assumed and pretended to be an officer and employee acting under the authority of the United States or any department, agency or office thereof, that is, a Special Agent of the Federal Bureau of Investigation, and acted as such, and in such assumed and pretended character, knowingly with intent to defraud, demanded and obtained money and other things of value totaling approximately $700,000 from the victim, C.T.

In violation of 18 U.S.C. § 912.

## Forfeiture Notice

**[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1)]**

18.  Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction for the offense listed in Count One for **Joseph Eventino DeLeon**, and the offenses listed in Counts One through Eight for the defendant, **William Roy Stone, Jr.**, the defendants shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to the respective offense, including, but not limited to, the following:

   a. The real property situated at 6812 Kennedy Drive, Colleyville, Texas, more specifically described as Lot 25, Block 12, Ross Downs Estates IV, an addition to the City of Colleyville, Tarrant County, Texas.
   b. 2017 Toyota Tacoma, Texas license plate KCG4826, VIN 5TFEZ5CNXHX041853.
   c. 2016 Mercedes CLS, Texas license plate HMP0591, VIN WDDLJ7GB3GA174438.

19.  Pursuant to 18 U.S.C. § 982(a)(1), upon conviction for the offense listed in Count Eight, the defendant, **William Roy Stone, Jr.**, shall forfeit to the United States any property, real or personal, involved in, or traceable to property involved in, the offense, including, but not limited to, the following:

   a. The real property situated at 6812 Kennedy Drive, Colleyville, Texas, more specifically described as Lot 25, Block 12, Ross Downs Estates IV, an addition to the City of Colleyville, Tarrant County, Texas.

20.  Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if any of the property described above, as a result of any act or omission of the defendant (i) cannot be located upon the exercise of due diligence; (ii) has been transferred or sold

**Superseding Indictment - Page 11**

to, or deposited with, a third party; (iii) has been placed beyond the jurisdiction of the court; (iv) has been substantially diminished in value; or (v) has been commingled with other property which cannot be divided without difficulty, the United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL

_Natalie Wilson_
FOREPERSON

CHAD E. MEACHAM
UNITED STATES ATTORNEY

_Marcus Busch_
MARCUS BUSCH
Assistant United States Attorney
Texas Bar No. 03493300
KATHERINE MILLER
Assistant United States Attorney
Texas Bar No. 00789107
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214-659-8642
Email: marcus.busch@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

WILLIAM ROY STONE, JR. (01)
JOSEPH EVENTINO DELEON (02)

SUPERSEDING INDICTMENT

18 U.S.C. § 1349 (18 U.S.C. § 1343)
Conspiracy to Commit Wire Fraud
(Count 1)

18 U.S.C. § 1343
Wire Fraud
(Counts 2-7)

18 U.S.C. § 1957(a)
Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity
(Count 8)

18 U.S.C. § 912
False Impersonation of a Federal Officer or Employee
(Count 9)

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1)
Forfeiture Notice

9 Counts

A true bill rendered

---

DALLAS                                                                                      FOREPERSON

Filed in open court this 21 day of December, 2021.

---

**Summons to Issue**

---

UNITED STATES MAGISTRATE JUDGE
Criminal Case Pending: 3:21-CR-236-E