IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | NO. 3:21-CR-00236-E |
| | § | |
| WILLIAM ROY STONE, JR | § | |

### DEFENDANT STONE'S MOTION FOR PRE-TRIAL HEARING ON ADMISSIBILITY OF CO-CONSPIRATOR'S STATEMENTS

Pursuant to Rules 104(a) and 801(d)(2)(E) of the Federal Rules of Evidence, Defendant William Roy Stone, Jr. ("*Stone*") respectfully moves this Honorable Court to conduct a pre-trial hearing concerning the admissibility of statements made by Defendant's alleged co-conspirator, pursuant to Rules 104(a) and 801(d)(2)(E) of the Federal Rules of Evidence. In support thereof, Stone shows the following:

### BACKGROUND

Stone was indicted on May 21, 2021 ("*Indictment*"). Dkt. 1. In the original Indictment, Joseph Eventino DeLeon (***"DeLeon"***) was an unindicted co-conspirator and referenced several times as "Individual A," and remained unindicted *for seven additional months*. Dkt. 1, at pp. 1-3; *see also* Dkt. 26. As mentioned in Stone's previous Motion to Sever (Dkt. __), DeLeon had been cooperating with the government as early as September 2019—nearly two years before the Indictment of Stone. During this time, DeLeon engaged in one-party consent phone calls with Stone at the request of the government on September 5, 2019, May 5, 2020, May 11, 2020, May 12, 2020, and two recordings on May 13, 2020. In all of these recordings, ***DeLeon neither admitted to nor confessed that he knew about any fake probation.*** In fact, DeLeon states the opposite multiple times and maintains that he thought the federal probation was real and that he was acting under the direction of Stone for that probation. At the time the government charged Stone in May

of 2021, DeLeon had yet to concede to any conspiracy despite his seemingly unwavering cooperation in assisting the government.

Stone is charged in Count One of the superseding indictment with allegedly conspiring with DeLeon, an indicted co-conspirator, to knowingly and willfully combine, conspire, confederate, and agree with each other to commit the offense of wire fraud, in violation of 18 U.S.C. § 1343. Stone anticipates that the government will seek to introduce numerous statements made by alleged co-conspirator DeLeon during the claimed conspiracy against Stone. Therefore, Stone objects to all statements of DeLeon offered by the government until it can meet the proper threshold.

## ARGUMENT

**1. The government carries the burden of proving these statements are admissible.**

Federal Rule of Evidence 801(d)(2)(E) provides that a statement is not hearsay if the statement is offered against an opposing party and was made by the party's co-conspirator during and in furtherance of the conspiracy. Fed. R. Evid. 801. However, in *Bourjaily v. United States,* the Supreme Court recognized that "[b]efore admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule." *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). "There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy.'" *Id*.

In a Fifth Circuit Court of Appeals decision before *Bourjaily,* but widely used for the underlying principles today, the court in *United States v. James* court held that, before courts can admit a co-conspirator's statement as not hearsay under Rule 801(d)(2)(E), the government must

show by a preponderance of the evidence that "(1) a conspiracy existed, (2) that the coconspirator and the defendant against whom the coconspirator's statement is offered were members of the conspiracy, and (3) the statement was made during the course and in furtherance of the conspiracy." *United States v. James,* 590 F.2d 575, 582 (5th Cir. 1979).

2. **The pre-trial hearing is the ideal venue for the Court to make the determination of the admissibility of co-conspirator statements.**

In *United States v. Fragoso,* the Fifth Circuit continued to apply the findings in *James* – namely, that upon appropriate motion, the trial court's procedural duty is to make the required findings before admitting co-conspirator statements. *United States v. Fragoso*, 978 F.2d 896, 900 (5th Cir. 1992). Federal Rule of Evidence 104 requires that "the court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Fed. R. Evid. 104.

As the court in *Fragoso* determined, a hearing outside the presence of the jury is not required. *Id.* However, in this circumstance, a pre-trial hearing makes the most sense. The Court's ruling at pre-trial on whether a conspiracy existed, whether DeLeon was a member of the conspiracy, and whether the statements were made in the course and in furtherance of the conspiracy will drastically streamline the trial. Additionally, it will allow all parties to prepare their cases accordingly.

## CONCLUSION

For the reasons set forth above, Stone respectfully urges this Court to grant this motion and conduct a pre-trial hearing for determination of the admissibility of hearsay statements pursuant to the coconspirator exception to the hearsay rule.

Respectfully submitted,

*/s/ Gregg Gallian*
Gregg Gallian

**GALLIAN FIRM LLC**
3500 Maple Avenue, Suite 230
Dallas, Texas 75219
Telephone: (214) 432-8860
Facsimile: (972) 433-5835
Email: Gregg@GallianDefenseFirm.com
Texas Bar: 24085952


Jaclyn Gallian
**BRYAN CAVE LEIGHTON PAISNER**
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
Telephone: (214) 721-8000
Facsimile: (214) 721-8100
Email: jaclyn.gallian@bclplaw.com
Texas Bar: 24092845

**ATTORNEYS FOR WILLIAM ROY STONE, JR.**


## CERTIFICATE OF SERVICE

I certify that on January 18, 2023, I electronically filed this document with the Clerk of Court for the Northern District of Texas, using the electronic case filing (ECF) system of the Court, and thereby served it on the counsel of record in this case.

*/s/ Gregg Gallian*
Gregg Gallian

## CERTIFICATE OF CONFERENCE

I certify that on January 18, 2023, I conferred with Greg Westfall, counsel for DeLeon. Mr. Westfall is unopposed to this Motion and the relief sought.

I certify that on January 18, 2023, I conferred with AUSA Marcus Busch, counsel for the government. Mr. Busch is opposed to this Motion and the relief sought.

*/s/ Gregg Gallian*
Gregg Gallian