IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:21-CR-236-E |
| WILLIAM ROY STONE, JR (01) | |

# ORDER FOR INTERLOCUTORY SALE

Based upon the Government's Motion for Interlocutory Sale, and for good cause show,

IT IS HEREBY ORDERED:

The motion is **GRANTED**.

Pursuant to Fed. R. Crim. P. 32.2(b)(7) and 21 U.S.C. § 853(e), the defendant William Roy Stone, Jr. (or designee) is authorized to sell the following Subject Property:

> The real property situated at 6812 Kennedy Drive, Colleyville, Texas, more specifically described as Lot 25, Block 12, Ross Downs Estates IV, an addition to the City of Colleyville, Tarrant County, Texas. ("Subject Property").

The Subject Property shall be sold according to the terms of the Stipulation for Interlocutory Sale filed with the Government's Unopposed Motion for Interlocutory Sale Order and Government's Motion.

**Order for Interlocutory Sale** - Page **1** of **4**

Particularly, the sale of the Subject Property is pursuant to the following terms:

   a. Stone agrees to exercise commercially reasonable efforts to sell the Subject Property in an arm's length transaction for no less than its legitimately appraised value to a third party that has no knowledge of or connection to Stone's scheme to defraud.

   b. Prior to signing a real estate purchase contract for the sale of the Subject Property, Stone will provide a copy of the draft real estate purchase contract to the United States. Stone shall provide copies of any addendums to the United States. Stone agrees to provide the United States with an appraisal of the Subject Property. The United States must approve any potential buyer and the sale price in its reasonable discretion, which approval may not be unreasonably withheld, conditioned, or delayed. Stone agrees to provide further justification for the sale price upon request of the United States. The United States will inform Stone of its approval or rejection or other legally authorized representative within five (5) business days of receiving the copy of the draft real estate purchase contract.

   c. After the United States approves the buyer and sales price, the sale can proceed.

   d. At least two weeks prior to closing, Stone agrees to provide the undersigned Assistant United States Attorney with contact information

**Order for Interlocutory Sale** - Page **2** of **4**

    for the title company processing the sale transaction and agrees that such title company may discuss the sale with the United States and its representatives and release to the United States all documents related to the sale of the Subject Property.

e. Stone agrees that he will not directly or indirectly sell, transfer, hypothecate, assign, pledge, distribute, encumber, or in any material way, waste, depreciate, damage, or diminish the value of the Subject Property or the proceeds from the sale of the Subject Property, or cause anyone else to do so.

f. If Stone is unable to complete the sale of the Subject Property contemplated by this agreement, Stone's attorney will promptly contact the undersigned Assistant United States Attorney.

g. If Stone has abided by the terms of this agreement, the United States agrees to release any lis pendens it may have filed on the Subject Property to allow the sale to close.

h. The Parties agree that other than ordinary costs of sale (Broker's fees, document fees, escrow fees, title insurance premiums, taxes, assessments, etc.), no other costs, expenses, or liens, shall be paid from the sale proceeds.

i. The amount of net sale proceeds remaining after payment of the ordinary costs of sale will be referred to herein as the Net Proceeds.

**Order for Interlocutory Sale** - Page **3** of **4**

    j. Stone shall transfer or cause the transfer the Net Proceeds to an escrow account maintained by the title company handling the closing. Stone shall provide instructions to the title company that the Net Proceeds will be transferred to the United States Marshals Service, and that those Net Proceeds will constitute the Forfeited Proceeds of the Subject Property.

    k. Stone agrees that if he fails to transfer or cause the transfer of the Net Proceeds to the United States Marshals Service that such failure shall constitute impediment of an official proceeding in violation of 18 U.S.C. § 1512(c)(2).

    l. Stone agrees to sign all necessary documentation to ensure that the Forfeited Proceeds are transferred to the United States Marshals Service.

    m. The United States agrees to hold the Forfeited Proceeds in a seized asset account pending a final order of forfeiture.

So ordered this 1st day of February, 2024.

_____
**ADA BROWN**
UNITED STATES DISTRICT JUDGE

**Order for Interlocutory Sale** - Page **4** of **4**